Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
Jeffrey A. Cogan, Esq., Ltd.
6900 Westcliff Drive, Suite 602
Las Vegas, Nevada 89145
Telephone (702) 474-4220
Facsimile (702) 474-4228
e-mail: jeffrey@jeffreycogan.com
Attorney for Defendant, Marcia Carrere

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MARCIA CARRERE,<br><br>          Debtor. | Case No.: BK-S-13-11728-LED<br>Chapter 7 |
| WHITNEY BANK,<br><br>          Plaintiff,<br><br>vs<br><br>MARCIA CARRERE,<br><br>          Defendant. | Adv. Case No.: BK-S-14-01099-LED<br><br><br>**DEFENDANT'S AMENDED ANSWER TO COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE OR, ALTERNATIVELY, FOR DISMISSAL OF CASE PURSUANT TO<br>11 U.S.C. §707(b)** |

NOW COMES Defendant, MARCIA CARRERE, by and through her attorney, Jeffrey A. Cogan, Esq., and for her Amended Answer to the Complaint Objecting to Debtor's Discharge, or Alternative, for Dismissal of Case Pursuant to 11 U.S.C. §707(b), admits and alleges as follows:

**JURISDICTION**

1.      In answering paragraph 1, Defendant is without information or belief to admit or deny this allegation as it is strictly legal with no factual assertion, and on that basis, Defendant denies the allegations contained therein.

1

2. Answering paragraph 2, Defendant is without information or belief to admit or deny this allegation as it is strictly legal with no factual assertion, and on that basis, Defendant denies the allegation contained therein.

## PARTIES

3. Answering paragraph 3, Defendant admits the allegations contained therein.

4. Answering paragraph 4, Defendant admits the allegations contained therein.

5. Answering paragraph 5, Defendant admits the allegations contained therein.

6. Answering paragraph 6, Defendant admits the allegations contained therein.

7. Answering paragraph 7, Defendant admits the allegations contained therein.

8. Answering paragraph 8, Defendant admits the allegations contained therein.

9. Answering paragraph 9, Defendant denies the allegations contained therein.

10. Answering paragraph10, Defendant admits the allegations contained therein.

11. Answering paragraph11, Defendant admits the allegations contained therein.

12. Answering paragraph12, Defendant admits the allegations contained therein.

13. Answering paragraph13, Defendant is without information or belief to admit or deny the allegations as they are strictly legal with no factual assertion, and on that basis, Defendant denies the allegations contained therein.  To the extent that any assertions in paragraph 13 are factual, Defendant denies the allegations contained therein.

14. Answering paragraph14, Defendant denies the allegations contained therein.

15. Answering paragraph15, Defendant admits the allegations contained therein.

16. Answering paragraph16, Defendant admits the allegations contained therein.

17. Answering paragraph17, Defendant admits the allegations contained therein.

18. Answering paragraph18, Defendant denies the allegations contained therein.

19. Answering paragraph19, Defendant denies the allegations contained therein.

20. Answering paragraph 20, Defendant admits the allegations contained therein.

21. Answering paragraph 21, Defendant is without information or belief to admit or deny the allegations as the Complaint did not have the correspondence issued by ACS to Carrere attached to the Complaint and on that basis, Defendant denies the allegations contained therein.

22. Answering paragraph 22, Defendant is without information or belief to admit or deny the allegations as the Complaint did not state the date of examination. Defendant was examined on more than one occasion, including the § 341 first meeting of creditors and a 2004 examination and thus, the allegations are denied for lack of specificity to which examination the Complaint refers.

23. Answering paragraph 23, Defendant is without information or belief to admit or deny the allegations as the Complaint did not have the collection notice attached to the Complaint, and on that basis denies the allegations relating to the collection notice. As to the remaining allegations of Paragraph 23, Defendant denies the allegations.

24. Answering paragraph 24, Defendant admits that the Amended Schedule F listed a debt to the Bank of America Credit Express, as a "business debt – Southern Food and Caterers" in the amount of $3,000.00, Defendant denies the remaining allegations contained therein.

25. Answering paragraph 25, Defendant admits that her Amended Bankruptcy Schedule F, said debtor listed a Benfatti Air Conditioning and Refrigeration, Inc. as a "business debt" in the amount of $7,621.00. As the February 20, 2010 request for payment correspondence, this document was not attached to the Complaint, and therefore Defendant is without information or belief to admit or deny the allegations, and on that basis denies the allegations contained therein.

26. Answering paragraph 26, Defendant is without information or belief to admit or deny the allegations as the Complaint did not state the date of examination. Defendant was examined on

more than one occasion, including the § 341 first meeting of creditors and a 2004 examination and thus, the allegations are denied for lack of specificity to which examination the Complaint refers.

27. Answering paragraph 27, Defendant denies the allegations contained therein.

28. Answering paragraph 28, Defendant admits the allegations contained therein.

29. Answering paragraph 29, Defendant denies the allegations contained therein.

30. Answering paragraph 30, Defendant denies the allegations contained therein.

31. Answering paragraph 31, Defendant admits the allegations contained therein.

32. Answering paragraph 32, Defendant denies the allegations contained therein.

33. Answering paragraph 33, Defendant denies the allegations contained therein.

34. Answering paragraph 34, Defendant denies the allegations contained therein.

35. Answering paragraph 35, Defendant is without information or belief to admit or deny the allegations as the Complaint did not state the date of examination. Defendant was examined on more than one occasion, including the § 341 first meeting of creditors and a 2004 examination and thus, the allegations are denied for lack of specificity to which examination the Complaint refers.

36. Answering paragraph 36, Defendant is without information or to admit or deny the allegation relating to the actual liability for these judgments being *in rem* and on that basis, denies the allegation. As to the remaining allegations of paragraph 36, Defendant admits the allegations contained therein.

37. Answering paragraph 37, Defendant admits the allegations contained therein.

38. Answering paragraph 38, Defendant is without information or belief to admit or deny the allegations as the Complaint did not state the date of examination. Defendant was examined on more than one occasion, including the § 341 first meeting of creditors and a 2004 examination and thus, the allegations are denied for lack of specificity to which examination the Complaint refers.

39. Answering paragraph 39, Defendant denies the allegations contained therein.

40. Answering paragraph 40, Defendant denies the allegations contained therein.

41. Answering paragraph 41, Defendant denies the allegations contained therein.

42. Answering paragraph 42, Defendant denies the allegations contained therein.

43. Answering paragraph 43, Defendant is without information or belief to admit or deny the allegations as the Complaint stated there was an examination in this case, but Defendant has not been examined in Case No. 14-01099-LED and on that basis, Defendant denies the allegations contained therein.

44. Answering paragraph 44, Defendant denies the allegations contained therein.

45. Answering paragraph 45, Defendant admits the allegations contained therein.

46. Answering paragraph 46, Defendant is without information or belief to admit or deny the allegations as the Complaint did not have the Discover's actual statement attached to the Complaint, and on that basis denies the allegations therein.

47. Answering paragraph 47, Defendant denies the allegations contained therein.

48. Answering paragraph 48, Defendant admits the allegations contained therein.

49. Answering paragraph 49, Defendant denies the allegations contained therein.

50. Answering paragraph50, Defendant denies the allegations contained therein.

51. Answering paragraph 51, Defendant admits the allegations contained therein.

52. Answering paragraph 52, Defendant is without information or belief to admit or deny the allegations as the Complaint stated there was an examination in this case, but Defendant has not been examined in Case No. 14-01099-LED and on that basis, Defendant denies the allegations contained therein.

53. Answering paragraph 53, Defendant denies the allegations contained therein.

54. Answering paragraph 54, Defendant denies the allegations contained therein.

55. Answering paragraph 55, Defendant admits the allegations contained therein.

56. Answering paragraph 56, Defendant denies the allegations contained therein.

57. Answering paragraph 57, Defendant denies the allegations contained therein.

58. Answering paragraph 58, Defendant admits the allegations contained therein.

59. Answering paragraph 59, Defendant is without information or belief to admit or deny the allegations as the Complaint did not have the collection letter dated October 5, 2011 attached to the Complaint, and on that basis denies the allegations therein.

60. Answering paragraph 60, Defendant denies the allegations contained therein.

61. Answering paragraph 61, Defendant admits the allegations contained therein.

62. Answering paragraph 62, Defendant is without information or belief to admit or deny the allegations as the Complaint did not have the two (2) collection letters attached to the Complaint, and on that basis denies the allegations contained therein.

63. Answering paragraph 63, Defendant denies the allegations contained therein.

64. Answering paragraph 64, Defendant denies the allegations contained therein.

65. Answering paragraph 65, Defendant is without information or belief to admit or deny the allegations as the Complaint did not have the IDN-ACME, Inc. statement attached to the Complaint, and on that basis denies the allegations contained therein.

66. Answering paragraph 66, Defendant denies the allegations contained therein.

67. Answering paragraph 67, Defendant admits the allegations contained therein.

68. Answering paragraph 68, Defendant denies the allegations contained therein.

69. Answering paragraph 69, Defendant denies the allegations contained therein.

70. Answering paragraph 70, Defendant admits the allegations contained therein.

71. Answering paragraph 71, Defendant is without information or belief to admit or deny the allegations as the Complaint stated there was an examination in this case, but Defendant has not been examined in Case No. 14-01099-LED and on that basis, Defendant denies the allegations contained therein.

72. Answering paragraph 72, Defendant denies the allegations contained therein.

73. Answering paragraph 73, Defendant denies the allegations contained therein.

74. Answering paragraph 74, Defendant is without information or belief to admit or deny

75. Answering paragraph 75, Defendant is without information or belief to admit or deny the allegations as the Complaint stated there was an examination in this case, but Defendant has not been examined in Case No. 14-01099-LED and on that basis, Defendant denies the allegations contained therein.

76. Answering paragraph 76, Defendant denies the allegations contained therein.

77. Answering paragraph 77,

78. Answering paragraph 78, Defendant admits the allegations contained therein.

79. Answering paragraph79, Defendant denies the allegations contained therein.

80. Answering paragraph 80, Defendant denies the allegations contained therein.

81. Answering paragraph 81, Defendant admits the allegations contained therein.

82. Answering paragraph 82, Defendant is without information or belief to admit or deny the allegations as the Complaint did not state the date of examination.  Defendant was examined on more than one occasion, including the § 341 first meeting of creditors and a 2004 examination and thus, the allegations are denied for lack of specificity to which examination the Complaint refers.

83. Answering paragraph 83, Defendant denies the allegations contained therein.

84. Answering paragraph 84, Defendant denies the allegations contained therein.

85. Answering paragraph 85, Defendant is without information or belief to admit or deny the allegations as the Complaint did not state the date of examination.  Defendant was examined on more than one occasion, including the § 341 first meeting of creditors and a 2004 examination and thus, the allegations are denied for lack of specificity to which examination the Complaint refers.

86. Answering paragraph 86, Defendant denies the allegations contained therein.

87. Answering paragraph 87, Defendant denies the allegations contained therein.

### FIRST CAUSE OF ACTION – 11 U.S.C. §727(a)(4)(A)

88. Answering paragraph 88, Defendant repeats and realleges the previous admissions and denials as though fully set forth herein.

89. Answering paragraph 89, Defendant denies the allegations contained therein.

90. Answering paragraph 90, Defendant denies the allegations contained therein.

91. Answering paragraph 91, Defendant denies the allegations contained therein.

92. Answering paragraph 92, Defendant denies the allegations contained therein.

93. Answering paragraph 93, Defendant denies the allegations contained therein.

94. Answering paragraph 94, Defendant denies the allegations contained therein.

95. Answering paragraph 95, Defendant denies the allegations contained therein.

96. Answering paragraph 96, Defendant denies the allegations contained therein.

97. Answering paragraph 97, Defendant denies the allegations contained therein.

98. Answering paragraph 98, Defendant denies the allegations contained therein.

99. Answering paragraph 99, Defendant denies the allegations contained therein.

100. Answering paragraph 100, Defendant denies the allegations contained therein.

101. Answering paragraph 101, Defendant denies the allegations contained therein.

102. Answering paragraph 102, Defendant denies the allegations contained therein.

103. Answering paragraph 103, Defendant denies the allegations contained therein.

104. Answering paragraph 104, Defendant denies the allegations contained therein.

105. Answering paragraph 105, Defendant denies the allegations contained therein.

106. Answering paragraph 106, Defendant denies the allegations contained therein.

107. Answering paragraph 107, Defendant denies the allegations contained therein.

108. Answering paragraph 108, Defendant denies the allegations contained therein.

109. Answering paragraph 109, Defendant denies the allegations contained therein.

110. Answering paragraph 110, Defendant denies the allegations contained therein.

111. Answering paragraph 111, Defendant denies the allegations contained therein.

112. Answering paragraph 112, Defendant denies the allegations contained therein.

**SECOND CAUSE OF ACTION – 11 U.S.C. §727(a)(4)(B)**

113. Answering paragraph 113, Defendant repeats and realleges the previous admissions and denials as though fully set forth herein

114. Answering paragraph 114, Defendant denies the allegations contained therein.

115. Answering paragraph 115, Defendant denies the allegations contained therein.

116. Answering paragraph 116, Defendant denies the allegations contained therein.

**THIRD CAUSE OF ACTION - 11 U.S.C. §727(a)(3)**

117. Answering paragraph 117, Defendant repeats and realleges the previous admissions and denials as though fully set forth herein.

118. Answering paragraph 118, Defendant denies the allegations contained therein.

119. Answering paragraph 119, Defendant denies the allegations contained therein.

/ / /

**FOURTH CAUSE OF ACTION – DISMISSAL PURSUANT TO 11 U.S.C. §707(b)**

120. Answering paragraph 120, Defendant repeats and realleges the previous admissions and denials as though fully set forth herein.

121. Answering paragraph 121, Defendant denies the allegations contained therein.

122. Answering paragraph 122, Defendant admits the allegations contained therein.

123. Answering paragraph 123, Defendant denies the allegations contained therein.

124. Answering paragraph 124, Defendant is without information or belief to admit or deny the allegations contained therein, and on that basis, the allegations are denied.

125. Answering paragraph 125, Defendant denies the allegations contained therein.

126. Answering paragraph 126, Defendant denies the allegations contained therein.

127. Answering paragraph 127, Defendant is without information or belief to admit or deny the allegations contained therein, and on that basis, the allegations are denied.

128. Answering paragraph 128, Defendant is without information or belief to admit or deny the allegations contained therein, and on that basis, the allegations are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint and each and every claim for relief stated therein fails to state facts sufficient to constitute a claim for relief against this answering Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the Doctrine of Unclean Hands.

**THIRD AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes and thereon alleges it has been necessary to retain the services of an attorney to defend this action and therefore Defendant is entitled to a reasonable sum for attorney's fees together with the costs expended in this action.

**FOURTH AFFIRMATIVE DEFENSE**

This answering Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as though fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend its answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving same.

**FIFTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes and thereon alleges that the Plaintiff lacks standing to bring the instant claim(s) in that it is not the real party in interest.

**SIXTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes and thereon alleges that pursuant to F.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as the sufficient facts were not, available after reasonable inquiry upon filing of this answering Defendant's Answer and, therefore, this answering Defendant reserves the right to amend its Answer to assert additional affirmative defenses, if subsequent investigation so warrants.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant is informed and believes and thereon alleges that any allegation not otherwise responded to is generally and specifically denied.

### EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that any allegation not otherwise responded to is generally and specifically denied.

### NINTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the Doctrine of Unclean Hands.

### PRAYER FOR RELIEF

WHEREFORE Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its Complaint on file herein;

2. That Plaintiff's Complaint is dismissed with prejudice;

3. For costs incurred in the defense of this action;

4. For reasonable attorney's fees incurred in the defense of this action; and

5. For such other and further relief as the Court may deem just and proper.

Dated this 25th day of August, 2014.

**JEFFREY A. COGAN, ESQ. LTD.**

By: /s/ Jeffrey A. Cogan
    Jeffrey A. Cogan, Esq.
    Nevada Bar No. 4569
    6900 Westcliff Drive, Suite 602
    Las Vegas, Nevada 89145
    Attorney for Defendant, Marcia Carrere

# CERTIFICATE OF SERVICE

1. On August 26, 2014, I served the following document(s): **DEFENDANT'S AMENDED ANSWER TO COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE OR, ALTERNATIVELY, FOR DISMISSAL OF CASE PURSUANT TO 11 U.S.C. §707(b)**

2. I served the above-named document(s) by the following means to the persons as listed below: *(Check all that apply)*

    ☒ **a. ECF System** (*you must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary*)

    **Rodney M. Jean, Esq. , Attorney for Plaintiff** RJEAN@LIONELSAWYER.COM

    ☐ **b. United States mail, postage fully prepaid** *(List persons and addresses. Attach additional paper if necessary)*

    ☐ **c. Personal Service** *(List persons and addresses. Attach additional paper if necessary)* I personally delivered the document(s) to the persons at these addresses:

    ☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐ **d. By direct email (as opposed to through the ECF System)** *(List persons and email addresses. Attach additional paper if necessary)*

    Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    ☐ **e. By fax transmission** *(List persons and fax numbers. Attach additional paper if necessary)*

    Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No

error was reported by the fax machine that I used.   A copy of the record of the fax transmission is attached.

☐    **f. By messenger** *(List persons and addresses.  Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. *(A declaration by the messenger must be attached to this Certificate of Service).*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on:  August 26, 2014

 Jeffrey A. Cogan, Esq.                                        /s/ Jeffrey A. Cogan, Esq.        
(Name of Declarant)                                             (Signature of Declarant)